NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAVIINDER PAL SINGH BADWAL,
AKA Ravi Inder Pal Singh Badwal,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70216

Agency No. A205-939-966

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020**
San Francisco, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,*** District
Judge.

Raviinder Pal Singh Badwal ("Badwal") seeks review of the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ")

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

***  The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the agency's decision under the deferential "substantial evidence" standard, *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010), and deny the petition.

Even assuming Badwal were credible and had established past persecution on account of his political opinion as a member of the Shiromani Akali Dal Amritsar Mann Party ("Mann Party"), substantial evidence supports the agency's determination that the government successfully rebutted the presumption of future persecution by demonstrating Badwal could safely relocate internally in India and that it would be reasonable to require him to do so. *Afriyie v. Holder*, 613 F.3d 924, 934 (9th Cir. 2010), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1070 (9th Cir. 2017) (en banc). The 2014 State Department report and other documentary evidence of record do not report any current widespread persecution of Sikhs, nor any significant continuing police interest in low- to mid-level members or supporters of the Mann Party. *See Singh v. Holder*, 753 F.3d 826, 831–33 (9th Cir. 2014).

Badwal was a self-described low-ranking member of the party whose activities involved putting up posters and attending rallies. Although Badwal fears local police from his village *could* use India's tenant registration system to track his whereabouts, there is no record evidence that Punjab police have actually used the

2

system—designed to assist local police in combatting crime and terrorist activities—in this manner, and Badwal admits that he does not personally know anyone in his party who had relocated and was later tracked through this system.

The agency adequately considered Badwal's individual circumstances and concluded it would be reasonable for him to relocate. 8 C.F.R. § 1208.13(b)(3). Because substantial evidence supports the agency's determination that the government successfully rebutted any presumption of countrywide persecution, Badwal's claims for asylum and withholding of removal fail. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003); *Sowe v. Mukasey,* 538 F.3d 1281, 1288 (9th Cir. 2008).

With respect to his CAT claim, substantial evidence also supports the agency's determination that Badwal did not bear his burden of proving it is more likely than not he would be tortured if returned to India. *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (agency must consider all relevant evidence, including possibility of relocation within country of removal).

**PETITION DENIED.**